Owen McGivern, J.
Motion to settle the account of the substituted committee of the deceased incompetent and for other relief is granted. The Veterans’ Administration asserts that pursuant to section 1384-k of the Civil Practice Act, the substituted committee is not entitled to commissions on corpus received from the former committee. That section provides “ No compensation shall be allowed on the corpus of an estate received from a preceding guardian ’ ’. This applies only to receipts from a previous committee and not to disbursements to be paid out (Matter of Morena, 286 App. Div. 1001 [1st Dept.]).
The substituted committee received $39,139.31 from the former committee. He is entitled to paying commissions on this sum at the rates provided in section 1376 of the Civil Practice Act and section 285 of the Surrogate’s Court Act, since section 1384-k does not apply to commissions on principal received or paid out.
Accordingly the substituted committee is entitled to commissions at 2% for paying out $10,000 or $200 and 1%% for paying out $29,139.31 or $364.24, or a total of principal paying commissions in the sum of $564.24. In addition he is entitled to 5% on the $920 income received from the Veterans’ Administration or the sum of $46. As to the income received from other sources he is entitled to 4% for receiving and paying out $1,706.57, which includes the sum of $198.31 received from the Veterans’ Hospital in Albany subsequent to the death of the incompetent and also $292.60 as interest on Government bonds, or the sum of $68.26, or total commissions in the sum of $678.50.
His attorney is awarded a counsel fee in the sum of $400.
The Veterans’ Administration claims that the balance of the incompetent’s estate escheats to the United States of America by virtue of title 38 of the United States Code. It appears that practically all of the deceased incompetent’s estate came from benefits paid by the United States Government. The Public Administrator asserts that the incompetent’s father died in July, 1931 and was buried in a grave owned by the estate of Edward Marks and that he is investigating the relationship of the incompetent’s father to Edward Marks and Nan Geiar, to ascertain if there are any heirs of the deceased incompetent.
*1081 However, it appears that no heirs have ever been located or heard of by the present or prior committees or by the Veterans’ Administration and in view of the lapse of upwards of 28 years since the death of the incompetent’s father, it would appear that no heirs exist. If heirs do subsequently appear, they will have recourse from the Government. Accordingly, the order to be settled hereon will direct that the balance remaining in the hands of the successor committee after making the payments aforesaid be turned over to the United States Government.